**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| OSCAR OLIVAS, | No.    17-56276 |
| Petitioner-Appellant, | D.C. No. 3:14-cv-01434-WQH-BLM |
| v. | |
| DAVID SALAZAR, Port Director of Calexico West Port of Entry, Customs and Border Protection; et al., | MEMORANDUM* |
| Respondents-Appellees. | |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Argued and Submitted October 11, 2018
Pasadena, California

Before:  SCHROEDER and NGUYEN, Circuit Judges, and SIMON,** District Judge.

Oscar Olivas claims that he is a United States citizen.  Upon denial of entry

to the United States on August 23, 2011, Olivas was served with a Notice to

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The Honorable Michael H. Simon, United States District Judge for the District of Oregon, sitting by designation.

Appear ("NTA"), which should have triggered a hearing before an immigration judge. But because the government failed for over two years to file the NTA with the immigration court, no hearing was ever scheduled. After repeated unsuccessful attempts to inquire about the status of his hearing, on June 12, 2014, Olivas filed this suit seeking determination of his citizenship status.

1. The district court erred in requiring Olivas to bear the burden of proving his citizenship by a preponderance of the evidence. Instead, as we held in *Mondaca-Vega v. Lynch*, a burden-shifting framework applies in alienage determination cases. 808 F.3d 413, 419–20 (9th Cir. 2015) (en banc), *cert. denied*, 137 S. Ct. 36 (2016) (applying a burden-shifting framework in which the government presents evidence of alienage, the petitioner responds with substantial credible evidence of citizenship, and then the burden shifts back to the government to prove alienage by clear and convincing evidence).[1] *See also Lee Hon Lung v. Dulles*, 261 F.2d 719, 724 (9th Cir. 1958) ("[W]here one has, over a long period of

_____

[1] The government argues that *Mondaca-Vega* does not apply because Olivas was not in removal proceedings. Instead, Olivas filed a habeas petition and an action seeking declaratory judgment as to his citizenship. However, the government concedes that had it commenced removal proceedings by filing the NTA, as it admits at oral argument that it was required to do, *see* 8 C.F.R. §§ 1235.3(b)(5), 1235.6, 1003.13, 1003.14(a), *Mondaca-Vega* would squarely control. Olivas claims that for two years, he called the government's hotline number weekly, and visited the border at least seven times, to inquire about a hearing. He claims that agents threatened him with detention if he persisted. The government may not benefit from its own negligence.

years, acted in reliance upon a decision . . . admitting him as a citizen of the United States, the fraud or error which will warrant disregard of such decision must be established by evidence which is clear, unequivocal, and convincing.").

2.   The district court did not abuse its discretion in admitting Delia Perez's out-of-court statement solely for impeachment purposes.  In the district court and now on appeal, the government has identified no hearsay exception that would apply.

3.   Because we do not weigh evidence in the first instance, we remand for the district court to apply the burden-shifting framework set forth in *Mondaca-Vega*.[2]

Costs are awarded to Olivas.

**REVERSED AND REMANDED.**

---

[2]   The parties dispute whether 8 U.S.C. § 1252(g) strips the district court of jurisdiction over Olivas's constitutional claims.  We decline to address that question at this time because this provision applies only to an "alien," a determination that will be made by the district court on remand.